**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE MURRY, ) | NO. CV 04-07684-SS |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION AND ORDER** |
| v. ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| Defendant. ) | |

Plaintiff Michelle Murry ("Plaintiff") seeks review of Defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration's ("Defendant") decisiordenying her disability benefits, having filed a Complaint on September 20, 2004. Plaintiff is represented by Jerry Persky, Esq. Defendant is represented by Assistant United States Attorney Cedina M. Kim. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

\\

\\

\\

Pursuant to this Court's Case Management Order, the parties submitted a Joint Stipulation in support of their respective positions. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

**PROCEDURAL HISTORY**

On April 20, 2001, Plaintiff, then age forty-one, filed an application for Supplemental Security Income ("SSI") benefits.[1] (Administrative Record ("AR") 19). Plaintiff alleged a disability onset date of April 15, 1998 on the bases of back injury and arthritis. (Id.). Plaintiff had filed a previous application for benefits on October 20, 1999 and that claim was denied on January 14, 2000.

The Social Security Administration (the "Agency" or "Commissioner") denied Plaintiff's current claim for benefits. (AR 29). The Agency determined that Plaintiff's condition was not disabling. (AR 30). Plaintiff requested a hearing by an Administrative Law Judge ("ALJ").

A hearing before ALJ Earl J. Waits was conducted on June 18, 2002, at which Plaintiff appeared, represented by counsel. (AR 747). Plaintiff testified on her own behalf. (AR 747-766). A vocational expert testified at the hearing. (AR 767-8).

---

[1] Title II of the Social Security Act is codified at 42 U.S.C. §§ 401-434 ("Federal Old-Age, Survivors, and Disability Insurance Benefits").

2

On October 24, 2002, ALJ Waits issued a decision denying benefits (AR 29). Plaintiff sought review of this decision before the Appeals Council. On July 16, 2004, the Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. (AR 9). Plaintiff commenced the instant action on September 20, 2004.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity[2] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

---

[2] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 404.1510.

  (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

  (3) Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

  (4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five.

  (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); 20 C.F.R. §§ 404.1520(b)-404.1520(f)(1).

  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett). Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking

4

into account the claimant's residual functional capacity,[3] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520(f)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which

---

[3] Residual functional capacity is "what [one] can still do despite [her] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. § 404.1545(a)

a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (citing Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

**DISCUSSION**

**The ALJ Failed To Provide Clear and Convincing Reasons for Rejecting Plaintiff's Subjective Pain Testimony**

Plaintiff argues that the ALJ did not provide clear and convincing reasons for rejecting her pain testimony. This Court agrees.

"Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting pain testimony must be clear and convincing." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ must consider "observations of treating and examining physicians and other third parties regarding . . . the nature, onset, duration and frequency of the claimant's symptoms" when evaluating the credibility of symptom testimony. Smolen, 80 F.3d at 1284 (citing SSR 88-13)(emphasis added); see also 20 C.F.R. 404.1529(c).

As noted by the Ninth Circuit in Moisa v. Barnhart, 367 F.3d 882 (9thy Cir. 2004),"'[O]nce a claimant produces objective medical evidence of an underlying impairment, an [ALJ] may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain.' If the ALJ finds the claimant's pain testimony not to be credible, the ALJ `must specifically make findings that support this conclusion,' and the findings `must be sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony.'" Moisa, 367 F.3d at 884-5 (quoting Rollins v. Massanari, 261 F.3d 853, 856-7 (9th Cir. 2001)(citations omitted)). In addition, the ALJ "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." Smolen, 80 F.3d at 1284; accord Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff testified at length during the hearing about her pain and other symptoms. She stated that her "back" and "legs" were her main medical problem that prevent her from working. She testified that her legs are "killing me." (AR 755). She stated that she stays in bed and is asleep for most of the day, because her legs are "tired and fatigued." (Id.). She stated that her legs "hurt and are heavy." (AR 756. She experiences back pain and leg cramps everyday, all day, and spasms that shoot from her back, down her legs. (AR 758-59). These statements are consistent with Plaintiff's description of her back and leg pain contained in the "Pain Questionnaire" dated January 21, 2000. (AR 104-105).

1     The ALJ provided a very brief statement in support of his rejection
2  of Plaintiff's subjective complaints.  The ALJ stated:

4     The claimant's written statements and testimony concerning
5        her symptoms and their impact on her ability to work are not
6        credible.  The claimant's credibility is reduced by the lack
7        of objective medical evidence to substantiate disability and
8        by the inconsistencies noted above.

10  (AR 25).  First, this Court finds that the ALJ erred by asserting
11  that the objective medical evidence "reduced" Plaintiff's
12  credibility.  Considerable objective evidence in the form of
13  examinations, MRIs and CT scans provided substantial evidentiary
14  support for Plaintiff's pain testimony.  For example, an x-ray report
15  of the lumbar spine dated May 1, 2001 showed reduced lordotic
16  curvature lumbar spine, suggesting muscle spasm.  (AR 487).  A CT
17  scan on the same date showed a slight posterior bulge at L3-4 and L4-
18  5.  Dr. Moore's examination on June 21, 2001 stated the following
19  findings regarding Plaintiff's back:

21     The lumbosacral spine is bent forward.  This is loss of
22        lordotic curvature as there is paraspinal spasm in the
23        lumbosacral area with marked tenderness.  There is total
24        restriction of range of motion in the lumbosacral spine at
25        the present time.

27  (AR 534).  Dr. Moore diagnosed Plaintiff as suffering from
28  lumbosacral disc disease with spinal compression, acute exacerbation.

(AR 535). A lumbar spine MRI on September 27, 2001 showed disk desiccation at L5-S1 as well as increased signal intensity within the disk annulus consistent with an annular tear. (AR 538). The cervical spine MRI revealed multilevel cervical disk bulges. (AR 538). Thus, the objective medical evidence was not a "clear and convincing reason" to reject Plaintiff's testimony because at least a significant portion of the objective evidence supported her assertions of back and leg pain.

Next, the ALJ states that "Plaintiff's exaggeration of her symptoms reduces her credibility." (AR 25). In support of this conclusion, the ALJ notes that Plaintiff brought a walker to her psychiatric examination, "but admitted to the orthopedist that at home she walks without a walker or can, but occasionally uses both." (AR 25). This statement does not necessarily support the ALJ's conclusion that Plaintiff is "exaggerating" her symptoms by bringing a walker with her. Instead, it shows that at times, she needs a walker and at other times, she does not. The statement (or the fact that other doctors chose not to mention an assistive device in their reports) is not revealing of such an extreme inconsistency that one would conclude she is attempting to exaggerate her symptoms by the use of a walker.

Finally, although the ALJ notes that two doctors opined that Plaintiff magnified her symptoms, other doctors did not make such observations. In fact, her treating physicians prescribed significant invasive treatment such as multiple epidural blocks (AR 701), and IDET surgery on February 7, 2002, to treat her symptoms.

1  The seriousness of these procedures suggests that the doctors who
2  prescribed this treatment did not believe that Plaintiff's symptoms
3  were "magnified" but instead were legitimately supported by the
4  medical evidence and required considerable treatment.

6      As there is no other evidence to support a finding that
7  Plaintiff was malingering (and the ALJ failed to expressly make such
8  a finding), the ALJ was required to provide "clear and convincing"
9  reasons to reject her testimony.  Permissible grounds for rejecting a
10 claimant's testimony may include a reputation for dishonesty,[4]
11 conflicts between the claimant's testimony and her conduct, or
12 internal contradictions in the claimant's testimony.  See 20 C.F.R. §
13 404.1529(c); Smolen, 80 F.3d at 1281.  No such reasons were provided
14 by the ALJ for rejecting Plaintiff's testimony in the current case.
15 The reasons provided were not clear and convincing and the ALJ's
16 rejection of Plaintiff's pain testimony was error.[5]
17 \\
18 \\
19 \\

---

[4]    The Court does not believe that two physician's observations that Plaintiff "engaged in symptom magnification" is enough to establish "a reputation for dishonesty," given the contrary evidence in the record to support her symptoms.

[5]    As the case is properly remanded on this ground alone, it is unnecessary for the Court to reach Plaintiff's remaining arguments. However, the Court notes that all of the consultative medical examinations of Plaintiff occurred in 2001 before she underwent a series of lumbar epidural injections in September 2001 and the IDET procedure on February 7, 2002.  Therefore, upon remand, it may be appropriate for the ALJ to require Plaintiff to undergo an additional orthopedic consultative examination.

**CONCLUSION**

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g),[6] IT IS ORDERED that judgment be entered REVERSING and REMANDING the decision of the Commissioner for further administrative proceedings in accordance with this decision.  IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 30, 2005.

                                                      _____/s/_____
                                                    SUZANNE H. SEGAL
                                                    UNITED STATES MAGISTRATE JUDGE

---

[6] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."